Filed 11/21/13  P. v. Cruz CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTIN VELASQUEZ CRUZ,<br><br>    Defendant and Appellant. | B246220<br><br>(Los Angeles County<br>Super. Ct. No. TA122130) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Eleanor J. Hunter, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Martin Velasquez Cruz appeals from his conviction of attempted voluntary manslaughter following a jury trial.  Following our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Defendant was charged by information filed on July 9, 2012, with the attempted premeditated murder of Roberto Valenzuela.  (Pen. Code, §§ 664, 187.)  A gang enhancement (Pen. Code, § 186.22, subd. (b)(4)) as well as enhancements for personal infliction of great bodily harm (Pen. Code, § 12022.7, subd. (a)) and personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)(1)) were also alleged.  Defendant pled not guilty.

Viewed in accordance with the usual rules on appeal  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358), the undisputed evidence at defendant's jury trial established that on February 17, 2012, defendant stabbed Valenzuela in the chest, puncturing Valenzuela's heart muscle.  Valenzuela's girl friend, Patricia P., testified that she had a sexual relationship with defendant while they attended the same high school.  After the relationship ended, defendant called Patricia derogatory names at school.  Patricia told Valenzuela that defendant had been disrespectful to her.  When Valenzuela and Patricia boarded an eastbound Green Line train at the Harbor Freeway station on February 17, they did not know that defendant was in their same car until the train started moving.  Upon noticing defendant, Valenzuela approached him and told him to leave Patricia alone.  Defendant asked Valenzuela where he was from, then pulled out a knife and stabbed Valenzuela in the chest.  During the ensuing struggle defendant stabbed Valenzuela twice more, causing superficial wounds to Valenzuela's arm and stomach.  Valenzuela and Patricia exited the train at the Avalon station where Valenzuela collapsed.  He was treated at the scene by paramedics and transported to the hospital.  No weapons were found at the scene or on Valenzuela's person.  Green Line passenger Alexis Anthony saw the altercation between defendant and Valenzuela.  Although he did

not see the initial stabbing, Anthony's impression was that defendant was the aggressor. Videotapes of the incident, recorded by Metro security cameras, were played for the jury.

Arrested a few days later, defendant wrote and signed the following statement, which was admitted into evidence: "I felt threatened. Got jumped before by him and his friends. Held an erge.[1] Next time I see him, I was going to do something. Hopped the train, seen him. He did a sudden movement, so I acted and stabbed him a couple of times. [¶] Some Black guy approached me, bought me a beer, took the knife, and he took it, he went his way, I went my way. Stabbed him once or twice because I felt threatened. And I stated my gang and flashed it, Cuatro Flats."

Prosecution gang experts testified that defendant was a self-admitted member of the Cuatro Flats criminal street gang. There was no evidence that Valenzuela was a gang member.

Defendant testified that he felt no animosity towards Patricia after their relationship ended and he never spread rumors about her at school. On the occasions that defendant saw Patricia with Valenzuela in the neighborhood, Valenzuela would "dog" defendant, but defendant ignored him. In early December 2011, Valenzuela and two companions attacked defendant as he was walking home. Defendant did not report the incident to police but he began carrying a knife for self-protection. When defendant boarded the eastbound Green Line train on February 17, he did not notice that Valenzuela and Patricia were in the same car. Defendant was absorbed in listening to his IPod when Valenzuela approached and accused defendant of "talking shit about his girl." Defendant did not know what Valenzuela was talking about until he saw Patricia. As the train slowed to stop at the next station, Valenzuela threatened to assault defendant and then nodded at his waist, which defendant understood to mean Valenzuela had a weapon. When Valenzuela's hand started to move toward his waist, defendant became fearful that Valenzuela was going to use that weapon against him. Afraid for his life, defendant grabbed his own knife and stabbed defendant in the chest. Defendant stabbed Valenzuela

---

1  Defendant testified at trial that "erge" translates into "anger."

3

twice more while they struggled because, although Valenzuela never produced a weapon, defendant was afraid he might do so. Defendant denied being a gang member and claimed he felt pressured to include the reference to Cuatro Flats in his written statement by the detectives' encouragement to "cooperate."

The jury found defendant not guilty of attempted murder, but guilty of the lesser included offense of attempted voluntary manslaughter. (Pen. Code, § 192, subd. (a).) The jury found the gang enhancement not true, but found true the great bodily injury and deadly weapon enhancements. Defendant was sentenced to 9 years, 6 months in prison, comprised of the 5 year, 6 month high term for attempted manslaughter, plus a consecutive 3 years for the great bodily injury enhancement, plus a consecutive 1 year for the personal use of a deadly weapon enhancement. He timely appealed.

We appointed counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that he had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. On August 30, 2013, we advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. Defendant did not submit any contentions or issues.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


                                        RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.                                  GRIMES, J.

4